IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH RAY WHITE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 3:12-cv-00819 |
| UNITED STATES OF AMERICA, | ) ) | Judge Trauger |
| Respondent. | ) ) | |

### ORDER

Petitioner Kenneth Ray White, a state prisoner presently incarcerated at the Turney Center Industrial Complex in Only, Tennessee, has filed a document entitled "Motion for Speedy Trial or Dismissal" (ECF No. 1), along with an Affidavit of Indigency (ECF No. 2). The petitioner's documentation supports a conclusion that he is financially unable to pay the filing fee; the Affidavit of Indigency, construed as a motion to proceed *in forma pauperis*, is therefore **GRANTED**.

In his pleading, the petitioner alleges that he was in the custody of the Tennessee Department of Corrections (TDOC) in June 2011, when he received notice that an active federal detainer had been lodged against him with TDOC, based on Indictment No. P0459069, for drug-possession charges pending as of June 15, 2011. The petitioner has been continuously in state custody since that time and will continue to be in state custody "for the near future." (ECF No. 1, at 2.) The petitioner asserts that the federal government's failure to take any action on the detainer for more than a year violates his right to a speedy trial under the Sixth and Fourteenth Amendments, and violates the Speedy Trial Act, 18 U.S.C. § 3161. For relief, the petitioner requests that the Court order the defendant to "begin the pretrial process as soon as possible" and appoint him counsel, or, alternatively, that the charges be dismissed.

The court will construe the motion as a petition for the writ of habeas corpus under 28 U.S.C. § 2241. Habeas corpus jurisdiction lies only if the prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. §§ 2241(c)(3), 2254(a). The petitioner alleges that a detainer has been lodged; it therefore appears that the petitioner potentially satisfies the "in custody" jurisdictional requirement for bringing a habeas corpus petition. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S.

484, 488–89 & n.4 (1973) (holding that if a detainer has been lodged against a prisoner, the "in custody" jurisdictional requirement is satisfied to allow review of constitutional claims arising from the detainer); *Dodd v. U.S. Marshal*, 439 F.2d 774, 775 (2nd Cir. 1971) (the "presence of the detainer is crucial" to establish "in custody" habeas corpus jurisdiction because the detainer "represents a present claim . . . of jurisdiction over . . . [the] person [by the non-holding state] and the right to subject him to its orders and supervision in the future" (internal citation and quotation omitted)); *Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (holding that, "under *Braden*, the existence of a dead-docketed indictment, without a detainer," does not satisfy the "in custody" habeas jurisdictional requirement).

The petition states claims based on violations of the petitioner's right to a speedy trial under both the Sixth Amendment and the Speedy Trial Act. As it is not apparent from the motion that the petitioner is not entitled to relief, 28 U.S.C. § 2243, the respondent is **DIRECTED** to file an answer, plead or otherwise respond to the petition, within **30 days** of the date of entry of this order.

The Clerk is **DIRECTED** to serve a copy of the petition and this order on the United States Attorney for this district.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge