UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KENNETH RAY WHITE, ) | |
| ) | |
| Petitioner ) | |
| ) | Case 3:12-0819 |
| v. ) | Judge Trauger/Brown |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is a motion for speedy trial or dismissal by the Petitioner Kenneth Ray White (Docket Entry 1), and a motion for summary judgment filed by Respondent United States of America (Docket Entry 7). For the reasons stated below, the Magistrate Judge recommends that the motion for speedy trial or dismissal deemed to be a petition for *habeas corpus* be DISMISSED with prejudice, and that the motion for summary judgment filed by the Respondent be GRANTED and this case dismissed.

### BACKGROUND

The Petitioner began this case by filing a motion for speedy trial or dismissal, which the District Judge allowed to proceed in *forma pauperis* and directed the United States to respond to the petition, or otherwise plead (Docket Entry 4). The motion for speedy trial or dismissal stated that an arrest warrant or indictment was issued against the Petitioner on June 15, 2011, charging him with possession of drugs or marijuana and that the

United States Marshal in Nashville placed an active detainer against the Petitioner. He further alleges that he was incarcerated in the custody of the Tennessee Department of Corrections (TDOC) at the time of the detainer and that he anticipated he would be in the custody of TDOC for the near future. Finally, he asserted his right to a speedy trial pursuant to the Sixth and Fourteenth Amendment of the United States Constitution. This motion was filed on August 10, 2012.

The Magistrate Judge's courtroom deputy has checked the TDOC system and cannot find that the Petitioner is presently in custody of TDOC. Additionally, mailed sent regular and certified to the Petitioner has been returned as undeliverable since October 10, 2012 (*see* Docket Entries 11, 16, and 18).

In their motion to dismiss (Docket Entry 7), the United States Attorney advised that they had checked their records and that they had issued a detainer based on an arrest warrant issued by the United States Court for the Western District of Virginia on June 15, 2011. They advised that on September 4, 2012, the United States Marshals Service prompted by the Petitioner's motion, notified TDOC that the detainer was no longer effective and asked that TDOC remove the detainer. They contend that the detainer was removed as of September 6, 2012. They further advised that the Court's electronic filing system PACER reveals that presently there is no federal criminal case pending against the Petitioner in the

2

Western District of Virginia. They contend that the Petitioner is therefore no longer in custody and that the writ should be dismissed.

The District Judge noted that this motion was not in the proper form since it was a motion to dismiss, which relied on matters outside the pleadings. As such, it was to be treated as a motion for summary judgment under Rule 56 and the Respondent needed to submit documents that were admissible for the purpose of ruling on a motion for summary judgment. The District Judge directed the Respondent to supplement the record with evidence comporting with Rule 56.

The Respondent then filed a supplement purporting to contain three affidavits. The first was the affidavit of William F. Abely (Docket Entry 12-1). In this affidavit Mr. Abely advised that on October 5, 2012, he ran a query on the PACER system for all criminal cases in the Western District of Virginia for a party's name of "White" and that there was no record of any case involving a party named Kenneth Ray White, Kenneth Raymond White, Kenneth White, Ken White, Raymard White, or Ray White.

The Magistrate Judge questions if this is adequate. If the indictment is sealed there will be no record in PACER with a name search. An affidavit from a proper party in the United States Attorney's Office in the Western District of Virginia would be needed. Something surely prompted the United States Marshals

3

Service to issue the detainer. Also attached was the affidavit of Wilma Bright (Docket Entry 12-2), an employee of the United States Marshals Service, who stated that on September 4, 2012, she caused a letter to be sent to the Tennessee Department of Corrections asking that a detainer placed on Kenneth Raymond White on June 15, 2011, be removed. She attached to her affidavit a copy of the letter she sent to TDOC.

Finally, although the affidavit of Assistant United States Attorney Abely states there is an affidavit from Valerie Bishop (Docket Entry 12-3, Ex. C), attached to the supplement, there is no Exhibit C. In fact, where Exhibit C would be, there is a duplicate copy of the letter referred to by Mrs. Bright filed sideways.

The **United States Attorney** is directed to forthwith file an explanation as to why he has filed an affidavit stating that an affidavit of Valerie Bishop has been filed as Exhibit C, when no such affidavit was filed. Surely it is not too much to expect of the United States Attorney's office to actually look at the documents they file in ECF to be sure that they are properly filed.

## LEGAL DISCUSSION

Despite the obvious deficiencies in the pleadings of the United States Attorney, the Magistrate Judge nevertheless believes that this case should be DISMISSED. Admissible evidence does show that there is no present detainer placed by the Respondent on the

4

Petitioner with TDOC, and the records of TDOC, which are public records, do not reflect that the Petitioner is in their custody at the present time. This conclusion is certainly bolstered by the fact that mail sent to Petitioner has been consistently returned, and he has not filed any response to the motion for summary judgment. The Petitioner has not provided a new address.

Finally, even if there is a case pending against Petitioner in the Western District of Virginia, there is no detainer. Any decision about violation of speedy trial would be before the court where an indictment, if any, was pending.

### RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment (Docket Entry 7) be **GRANTED** and the Petitioner's motion for a speedy trial or dismissal (Docket Entry 1), which has been treated as a petition for *habeas corpus* under 28 U.S.C. § 2243, be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

5

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 28th day of November, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
